John Constantine
2621 Summerview Place
Henderson, NV 89074
(941)720-1930
jconstantine419@gmail.com
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CONSTANTINE, an individual;<br>Plaintiff,<br>vs.<br><br>RHP PROPERTIES, INC; a Corporation; BAYSHORE HOME SALES, INC, a Corporation; DOES 1 through 10 and ROES BUSINESS ENTITIES 1 through 10, inclusive.<br>Defendants. | **CASE NO. 2:25-CV-02080-CDS-BNW**<br><br>**STIPULATION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES (FIFTH REQUEST)** |

Plaintiff John Constantine, appearing pro se, and Defendants RHP Properties, Inc. and Bayshore Home Sales, Inc., through counsel, jointly request an approximately 60-day extension of the five deadlines listed below under Fed. R. Civ. P. 16(b)(4), LR IA 6-1, and LR 26-3.

On December 29, 2025, the Court entered its Discovery Plan and Scheduling Order (ECF No. 11). The Court extended the deadlines on April 10, June 17, July 24, and

October 1, 2026 (ECF Nos. 17, 19, 22, and 33). This is the parties' fifth request. The parties make this request in good faith for the reasons set forth below.

I. Discovery Conducted to Date

The parties exchanged initial disclosures, written discovery responses, and document productions. Plaintiff disclosed the existing report of his retained digital forensic examiner, Matt Deaux, in September. Since the October 1 hearing, the parties have conducted depositions, including those of Plaintiff, Leo Hernandez, Stacey Mecham, and Marisa Olmeda-Macias, and exchanged additional written discovery, including Defendants' responses to Plaintiff's second requests for admission.

II. Discovery to be Conducted

i. Third-party production of underlying application records, CRM entries, emails, attachments, and available metadata.

ii. Comparison of the source records with DEF000022 through DEF000036 and disclosure of any resulting expert opinions.

iii. Rebuttal expert disclosures and expert depositions.

iv. Rule 30(b)(6) depositions of RHP Properties, Inc. and Bayshore Home Sales, Inc.

III. Good Cause and Timing of the Request

Plaintiff requested the underlying CRM records at the parties' September 21 conference and followed up on October 14. Plaintiff sent advance notice of four proposed subpoenas on October 31 and amended notice covering eight recipients on November 16. The proposed December 15 production date falls after the November 23 initial expert disclosure deadline.

///

The parties seek relief within 21 days of the November 23 deadline. During that period, the parties conducted depositions, Plaintiff worked to identify the proper subpoena recipients and complete the requests, and the source records remained outstanding. The parties conferred on November 18 and agreed to seek this extension. Plaintiff's examiner needs the underlying records to compare the entries, timestamps, and related communications with DEF000022 through DEF000036. The proposed January 22 deadline allows approximately five weeks after the requested production date for that review and disclosure of any resulting opinions. The proposed schedule also allows time for rebuttal and expert depositions.

IV. The parties stipulate to the following modified deadlines:

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Initial Expert Disclosure | November 23, 2026 | January 22, 2027 |
| Rebuttal Expert Disclosure | December 23, 2026 | February 22, 2027 |
| Discovery Cut-off | January 22, 2027 | March 23, 2027 |
| Dispositive Motions | February 22, 2027 | April 23, 2027 |
| Pre-Trial Order | March 24, 2027 | May 24, 2027 |

V. This stipulation modifies only the five deadlines listed above. If dispositive motions are filed, the joint pretrial order is due 30 days after the Court rules on those motions, unless otherwise ordered.

VI. All other provisions of the Discovery Plan and Scheduling Order (ECF No. 11), as amended, remain in full force and effect.

**Electronic Service:**

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (e.g., filings under seal), may be served via e-mail, and such service shall constitute proper service

under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served.

WHEREFORE, the parties respectfully request that the Court approve this Stipulation and enter an amended Scheduling Order consistent with the deadlines set forth above.

| | |
|---|---|
| DATED this 20th day of November, 2026.<br><br>**RAI FINK EBNER LLP**<br><br>By: __/s/ Raven M. Yim__<br>Leonard T. Fink, Esq.<br>Nevada Bar No. 6296<br>RAVEN M. YIM, ESQ.<br>Nevada Bar No. 14972<br>6180 Brent Thurman Way, Suite 260<br>Las Vegas, NV 89148<br><br>Attorneys for Defendants<br><br>*RHP PROPERTIES, INC. AND BAYSHORE HOME SALES, INC.* | DATED this 20th day of November, 2026.<br><br>John Constantine<br><br>By: /s/ John Constantine<br>2621 Summerview Place<br>Henderson, NV 89074<br>(941) 720-1930<br>jconstantine419@gmail.com<br>Plaintiff Pro Se |

**IT IS SO ORDERED,** however, this Court is not inclined to grant further extensions.

Dated this 23rd day of November, 2026.

UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing STIPULATION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES (FIFTH REQUEST) with the Clerk of the Court using the CM/ECF system, which will serve notification of such filing on all counsel of record, including the following:

Leonard T. Fink, Esq.
Raven M. Yim, Esq.
Rai Fink Ebner LLP
6180 Brent Thurman Way, Suite 260
Las Vegas, NV 89148
lfink@rfe-law.com
ryim@rfe-law.com
Attorneys for Defendants RHP Properties, Inc.
and Bayshore Home Sales, Inc.

DATED this 20th day of November 2026.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ John Constantine
John Constantine
Plaintiff Pro Se